F. GOFFINET V. LAURA SOPER *et al.*

No. 15,293.    (95 Pac. 571.)

SYLLABUS BY THE COURT.

1. SURVEYS AND BOUNDARIES—*Appeal—Bond Sufficient to Give Jurisdiction.* A bond given to effect an appeal from a survey, by a party affected thereby, and running to the party or parties who requested the same, is sufficient to give the court jurisdiction of the case, although other persons may also be affected by the survey.

2. ——— *Statutory Construction.* The law favors appeals, and the statute (Gen. Stat. 1901, § 1821), being silent as to whom the bond should run, should be liberally construed in favor of a hearing upon the appeal.

Error from Marion district court; OSCAR L. MOORE, judge. Opinion filed April 11, 1908. Reversed.

*Dennis Madden,* and *King & Wheeler,* for plaintiff in error.

*W. H. Carpenter,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: Defendant in error Laura Soper, for herself and her minor wards, notified the county surveyor of Marion county to survey certain lands therein. The surveyor notified the other landowners who might be affected by the survey, and at the time stated in the notice duly made the survey and made his report. The plaintiff in error in due time filed his notice in writing with the county surveyor of his intention to appeal therefrom, and filed his appeal bond, with approved surety, and the county surveyor certified the appeal to the clerk of the district court and also filed the requisite papers and reports.

The appeal was docketed in the district court under the title "*F. Goffinet v. Laura Soper et al.*" Thereupon the defendants in error filed their motion to dismiss the appeal, on the ground that the appeal bond was in-

sufficient to effect an appeal and to give the court juris-
diction of the action for the reason that the surveyor's
report showed that persons not named in the bond were
affected by the survey and that the appeal bond should
run to all such as well as to Laura Soper and her wards.
On the hearing of the motion the court allowed the
same and dismissed the appeal. To reverse this order
the case was brought here.

The only question in the case is whether the bond is
void. If it was only defective or informal it was sub-
ject to correction, the plaintiff in error having made
timely application to the court for leave to file an
amended bond. The call for the survey was for the
purpose only of establishing the northeast corner of
a certain section of land and the quarter-section corner
on the east side of the section. The petitioners for the
survey (defendants in error) owned the north half of
the section, and Goffinet (plaintiff in error) owned the
south half thereof. It thus appears that Goffinet and
the petitioners for the survey are perhaps most di-
rectly interested in the establishment of these corners,
although the owners of adjoining lands might also be
affected. If the survey itself was not an adversary
proceeding, it became such upon an appeal's being
taken. The statute implies that notice to the sur-
veyor of the intention to appeal is notice to all parties
that were notified of the survey, and no question is
raised but that all the parties interested in the survey
were notified thereof. In a sense, a notice of the sur-
veyor to the parties interested in the survey gives such
jurisdiction over them as to bind them by the results
of the survey; and it is a generally recognized rule
that when jurisdiction has once been established over
parties to a proceeding or in an action no new notice
is required of the subsequent steps therein until the
matter in controversy is finally determined. Each
party in interest, over whom jurisdiction is acquired,
must at his peril take notice of each successive step
leading to the final determination.

We incline to the opinion that all the parties adverse to Goffinet are protected by the appeal bond which was given as fully as they would have been had each been named therein. However this may be, the bond was at least sufficient to give the court jurisdiction of the case. If the bond was insufficient to protect any party or parties in interest the court had jurisdiction on their application to require the plaintiff in error to make a sufficient bond to protect them. It does not, at least, lie in the mouth of Laura Soper or her wards to say that she and they were not protected by the bond, or to deny the jurisdiction of the court because others had not been properly brought into court, if such were the fact.

The order of the court dismissing the case is reversed and the case is remanded, with instructions to reinstate the same and to proceed in accordance with the views herein expressed.