W. G. PARKER *et al., as Partners, etc.,* V. O. S. GIBSON.

No. 15,513.   (96 Pac. 35.)

SYLLABUS BY THE COURT.

1. JURISDICTION—*Appeal from Justice of the Peace—Defective Bond.* Where an undertaking on appeal from the judgment of a justice of the peace in forcible entry and detainer, defective because of the omission of the words "from the date of the undertaking until the delivery of the property" (Justice's Civ. Code, § 132a), was accepted and approved by the justice, and the transcript on appeal was certified to, and filed in, the district court, jurisdiction of the action was conferred upon that court to take all proper proceedings therein.

2. PRACTICE, DISTRICT COURT—*Leave to File Sufficient Bond.* The seasonable application of the appellant for leave to file a good and sufficient undertaking duly tendered in court ought to be allowed.

3. —————— *Dismissal—Appeal Bond.* It is error to dismiss the appeal for want of jurisdiction after such application has been made and such undertaking tendered.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed May 9, 1908. Reversed.

Parker v. Gibson.

*C. T. Atkinson,* and *C. R. Pollard,* for plaintiffs in error.

*J. Mack Love, W. L. Cunningham, Albert Faulconer,* and *C. W. Wright,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: An action for forcible entry and detainer was commenced by O. S. Gibson against W. G. Parker and J. J. Clark. On the return-day the defendants, by their attorney, answered that they did not desire to go to trial and that the plaintiff might take judgment for restitution of the premises, and asked that the amount of a bond for appeal be fixed. Thereupon the parties offered proof of the rental value of the property and the justice fixed the amount of the appeal bond, and such bond was then given, filed, and approved. The conditions of the bond were as follow, except the words in brackets, which were omitted:

"If, upon the further trial of the cause, judgment may be rendered against them, that they shall pay double the value of the use and occupation of said property, [from the date of the undertaking until the delivery of the property], pursuant to the judgment, and all damages and costs that may be awarded against them."

The action having been docketed in the district court, the plaintiff moved to dismiss the appeal for want of jurisdiction, for the reason that "the appeal so attempted to be taken was not perfected in the manner prescribed by statute." On the hearing of this motion the defendants tendered a good and sufficient bond, as required by the statute, to which the plaintiff objected. The objection was sustained, leave to file a new and amended bond was refused, and the action was dismissed. The defendants excepted, and, as plaintiffs in error in this court, ask for the reversal of the judgment of dismissal.

The defect in the appeal bond was the omission of the words "from the date of the undertaking until the de-

livery of the property." (Justice's Civ. Code, § 132a.) In *Henrie v. Buck*, 39 Kan. 381, 18 Pac. 228, it was held, in an action against the sureties upon a bond in this form—the same words having been omitted—that the sureties were not liable for the use and occupation of the premises. In that case, however, a new under-, taking was filed, the authority of the court to allow it not being questioned. The opinion, therefore, is not decisive of the question here presented.

It is urged by the defendant in error that a bond as required by law was necessary to give the district court jurisdiction, and, as this bond did not contain all the statutory conditions, it gave no right of appeal. The justices' civil code contains the provision, concerning such appeals, that when the undertaking is insufficient in form or amount the court may order a change or renewal of such undertaking. (§ 131.) This is ample authority to permit a new bond to be filed, if the defect is one to be cured by amendment. In *Lovitt v. Wellington & Western Rld. Co.*, 26 Kan. 297, the bond had been given to a stranger to the record, not a party. The court said:

"Doubtless where an appeal bond is simply irregular or defective, under sections 139 and 140 of the code, and 131 of the justices' act, the appellant should be permitted to supply a new in place of the defective bond; but the bond as filed in this case was an absolute nullity. It was not a bond to the party in interest, but one running to a stranger; not a bond to a trustee or one interested in or affected by these proceedings, but a bond to an absolute stranger to the record. The bond was not simply defective or irregular, or insufficient in amount, or insufficient in security, but a bond which, running to a party entirely a stranger to the record, was a perfect nullity." (Page 298.)

It appears that section 131 of the justices' act was construed in connection with sections 139 and 140 of the civil code. When thus considered it is readily seen that the power of amendment in furtherance of justice is quite broad. The bond was by no means a nullity; it.

afforded a remedy for waste, and for all costs and damage—all important statutory conditions. It was evidently given in good faith, and was approved by the justice, and the transcript certified thereon to the district court.

In the syllabus to the case of *Skinner v. Holt et al.,* 9 S. Dak. 427, 69 N. W. 595, as reported in 62 Am. St. Rep. 878, it was said:

"An undertaking on appeal, not in the statutory form, but good as a common-law bond, gives the appellate court jurisdiction, including the power to allow a new undertaking to be filed upon seasonable application by one who appears to have acted in good faith."

In *St. L. K. & S. W. Rly. Co. v. Morse,* 50 Kan. 99, 31 Pac. 676, it was held that the appeal bond was void, and that the district court did not have jurisdiction, but the court said:

"Probably if an appeal bond, when executed and filed, has any validity at all, it would sustain an appeal, so that the bond could be perfected with the leave of the court to which the appeal is taken. . . . An appeal bond not absolutely void would probably carry the case to the district court, however irregular it might be, and would probably constitute such an appeal as to enable the appellate court to take jurisdiction of the case and to do whatever might be right and proper in the case." (Page 105.)

Where the undertaking is so defective as to impose no liability upon the sureties, or where, as in the Lovitt case, it is not made to or for a party to the action, it is void; there is nothing to amend, and jurisdiction is not conferred thereby on the district court. But where it is made to the proper party and imposes a substantial liability upon the sureties, and is filed in good faith, jurisdiction is given, although it is defective in some respects. In such a case the action should not be dismissed if the appellant applies seasonably for leave to file a good and sufficient bond. (*St. L. & S. F. Rly. Co. v. Hurst,* 52 Kan. 609, 35 Pac. 211.) As the abstract shows that such an application was made, we must

hold that the court er_ed in dismissing the action, and in refusing to reinstate it upon a proper motion therefor.

The defendant in error also insists that the action was not appealable for the reason that the judgment was entered by consent. It is true that the defendants stated that judgment might be taken, but at the same time, and as a part of that proceeding, they asked to have the amount of an undertaking for appeal fixed, which was then done. That the defendant in error understood that this consent was preliminary to an appeal is shown by his immediate production of testimony to show the rental value of the property in order to give the basis for fixing the amount of the undertaking. In his motion in the district court to dismiss this ground was not included. Both parties, and also the justice of the peace, considered the case appealable, and, we think, rightfully so.

The orders and judgment reviewed in these proceedings are reversed, and the cause remanded for further proceedings.