E. M. ELLIOTT *et al., Appellees,* v. THE BELLEVUE GAS AND OIL COMPANY, *Appellant.*

No. 16,388.

SYLLABUS BY THE COURT.

APPEAL BOND—*Sureties—Signature.* Persons who have signed an affidavit indorsed on an appeal bond, describing themselves as sureties thereon, must be deemed, in the absence of some showing to the contrary, to have intended thereby to bind themselves in that capacity, and therefore to have executed the bond, although their signatures are not otherwise attached to it.

Appeal from Chautauqua district court; GRANVILLE
P. AIKMAN, judge. Opinion filed March 12, 1910. Re-
versed.

*Joseph P. Rossiter,* for the appellant.
*S. H. Jones,* for the appellees.

The opinion of the court was delivered by

MASON, J.: E. M. and M. L. Elliott obtained a judg-
ment before a justice of the peace against the Bellevue
Gas and Oil Company. In order to appeal therefrom
the company filed with the justice an instrument in the
usual form of an undertaking for that purpose, signed
by itself. Two lines under its signature, manifestly
intended to indicate the place where the sureties were
to sign, were left blank. Indorsed upon the paper,
however, was an affidavit signed by C. R. Walterhouse
and J. N. Carr, and sworn to by them before the jus-
tice, reading as follows:

"We, the undersigned, sureties on the within under-
taking, do solemnly swear that we are residents of said
county and state, and that we are each worth $1200
over and above all exemptions, debts and liabilities."

The justice approved the bond and transmitted the
case to the district court. There the plaintiffs moved
to dismiss the appeal on the ground that the bond was
insufficient to confer jurisdiction, because it was not
signed by any surety. Pending the decision of the mo-
tion the defendant asked leave to amend by having
Walterhouse and Carr sign their names in the blank
spaces referred to. Leave to amend was denied and
the motion to dismiss was sustained. The defendant
appeals.

Under the statute (Jus. Civ. Code, § 121) one wish-
ing to appeal from the judgment of a justice of the
peace must within ten days enter into an undertaking
for the purpose with at least one surety. Yet an ap-
peal bond signed only by the parties bound by the judg-

ment is held not to be a nullity, but to be capable of amendment by the addition of new signatures after the expiration of the ten days. (*McClelland Bros. v. Allison,* 34 Kan. 155; *Ottawa v. Johnson,* 73 Kan. 165.) Here, however, the bond does not in fact lack the signatures of the sureties. At least in the absence of a statute requiring a signature to be "subscribed" to an instrument, it is immaterial to what part of it signers attach their autographs, so long as by such act they signify their consent to be bound by its terms.

"While the proper place for the signature of the obligors is at the foot of the agreement, yet independent of any statutory requirement the manner and form of the signature is immaterial, provided it is made by the surety for the purpose and with the intention of binding himself." (5 Cyc. 735.)

"The manner or form in which an obligor signs is immaterial, provided that he signs for the purpose of binding himself." (4 A. & E. Encycl. of L. 621.)

Walterhouse and Carr did not write their names immediately under that of the judgment defendant, but in another place on the same paper they signed a statement describing themselves as sureties on the bond. In attaching their signatures to this writing they must be deemed to have intended the execution of the bond, since they thereby acknowledged themselves to be bound by its terms. No other rational interpretation can be placed upon their act. For the sake of greater formality the sureties might properly have been permitted to affix their signatures in the space left for that purpose, but in its present form the bond is sufficient to perfect the appeal and to confer jurisdiction on the district court.

The judgment is reversed and the cause remanded, with directions to permit the bond to be amended, and upon its amendment to deny the motion to dismiss the appeal.