W. J. KELCHNER, *Appellee,* v. THE CITY OF KANSAS CITY, KANSAS, *Appellant.*

No. 17,504.

SYLLABUS BY THE COURT.

1. APPEAL—*Informal Undertaking—Amendment.* An undertaking on appeal from proceedings to appropriate land for park purposes, running to the park board instead of the city as required by law, was not void but was informal, and it was proper to allow an amended undertaking to be filed after the period for taking an appeal had expired.

2. PRIVATE PROPERTY—*Public Use—Damages—Evidence—Rents.* On the trial of an appeal taken in proceedings to appropriate private property for public use it is not error to admit evidence of the amount of rents received in good faith within a reasonable limit of time, not including anything fanciful or fictitious.

Appeal from Wyandotte district court, division No. 1. Opinion filed March 9, 1912. Affirmed.

*Richard J. Higgins,* for the appellant.

*W. M. Whitelaw, Nathan Cree, George R. Allen,* and *Sharp & Sharp,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: In an appeal to the district court from an award of damages for the appropriation of land for park purposes under the provisions of section 1126 of the General Statutes of 1909, a bond was filed running to the park board instead of the city, the proper obligee. (Gen. Stat. 1909, § 1130; Jus. Civ. Code, § 121.) A motion was filed to dismiss the appeal because an undertaking or bond as required by law had not been filed. This motion was overruled, and the landowner was allowed to file an amended bond running to the city as obligee after the expiration of the ten-day limit for taking an appeal. Complaint is made of this proceeding on the ground that the original bond was a nullity and the court was without jurisdiction.

The bond was manifestly given for the use and protection of the city, and was not void merely because the representative body of the city in control of parks was named as obligee instead of the city. Under the liberal procedure provided by the civil codes the due administration of justice will not be sacrificed to form if the substantial rights of parties are protected. The bond was sufficient to give the court jurisdiction of the appeal, and was properly amended. Decisions of this court in similar cases warrant the action of the district court. (*McClelland Bros. v. Allison,* 34 Kan. 155, 8 Pac. 239; *Shreves v. Gibson,* 76 Kan. 709, 92 Pac. 584; *Ottawa v. Johnson,* 73 Kan. 165, 84 Pac. 749; *Goffinet v. Soper,* 77 Kan. 555, 95 Pac. 571.)

Witnesses were permitted to testify to the amount of rents received by the owner from the property taken, and this ruling is alleged to be erroneous. It is true that the market value of the property is the measure of damages for the appropriation, but evidence of market value is not necessarily restricted to direct answers to the particular question, "What is the market value?" Rentals received in good faith necessarily affect values, and in common transactions are considered by intending purchasers with other elements in estimating market value. No good reason is perceived why a jury should not have the benefit of such information. The witnesses should be allowed to state any fact concerning the property which will fairly aid in arriving at its market value, and income received in good faith from the ordinary use of the property within a reasonable limit of time is clearly one of the facts naturally contributing to that end, excluding however anything fanciful or fictitious. (*Brown v. Power Co.,* 140 N. C. 333, 52 S. E. 954, 3 L. R. A., n. s., 912; *Weyer v. The Chicago, Wisconsin & Northern R. Co.,* 68 Wis. 180, 31 N. W. 710; *Yellowstone Park R. R. v. Bridger Coal Co.,* 34 Mont. 545, 87 Pac. 963, 9 A. & E.

Ann. Cas. 470; *McKinney v. Nashville,* 102 Tenn. 131, 52 S. W. 781, 73 Am. St. Rep. 859.)

(See, also, Note, 15 L. R. A., n. s., 679.)

The jury were properly instructed upon the measure of damages, and were informed that the rental and use of the premises could be considered only so far as such facts tended to establish market value. No other assignments of error are presented in the brief.

The judgment is affirmed.