No. 19,788.

THE L. & M. MERCANTILE COMPANY, *Appellee*, v. O. A. WIMER, *Appellant*.

SYLLABUS BY THE COURT.

1. RIGHT OF APPEAL—*Justice's Court*. A plaintiff has a right to appeal from a judgment rendered in its favor by a justice of the peace, where a controversy arises as to which one of several actions was tried and the judgment rendered is not satisfactory to the plaintiff.

2. APPEAL BOND—*Not Void*. An appeal bond in a justice of the peace court is not necessarily void because it fails to follow all the statutory requirements, and if defective a proper bond may be filed in the district court.

Appeal from Scott district court; ALBERT S. FOULKS, judge. Opinion filed January 8, 1916. Affirmed.

*R. D. Armstrong,* of Scott City, *Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellant.

*H. A. Russell,* of Scott City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal by the defendant from an order of the district court denying his motion to dismiss the plaintiff's appeal from a judgment of a justice of the peace, and from an order of the district court dismissing the action upon the application of the plaintiff.

The plaintiff filed five actions at the same time in a justice of the peace court, each for a monthly installment of interest due on a note. Trial was had before the justice of the peace in one action, resulting in judgment in favor of the plaintiff. A controversy then arose as to the action that was tried. On the same day, after judgment was rendered, the plaintiff filed its motion to dismiss the action, and afterward filed a motion for a new trial. These were heard and both denied. The defendant then filed a bond for stay of execution. The plaintiff filed an appeal bond, which was approved by the justice of the peace. This bond was in statutory form except that it did not run to the defendant or any other person, and provided only for satisfaction of such judgment for costs as might be rendered against the plaintiff. The papers were then transmitted to the district court. There the plaintiff tendered a new and sufficient appeal bond. The plaintiff moved to dismiss the action. The defendant moved to dismiss the appeal. The court dismissed the action and denied the defendant's motion to dismiss the appeal.

1. The defendant argues that because the plaintiff recovered the judgment asked for by it in its bill of particulars it had no right to appeal from the judgment of the justice of the peace. The plaintiff's answer to this is that the judgment was rendered in an action not tried; that the plaintiff introduced evidence in one action and the justice of the peace considered that evidence and entered judgment in another action, one not on trial, for an amount $7.60 less than was asked for in the action tried but being the amount due in the action in which the judgment was rendered; and that no judgment was rendered in the action the plaintiff tried. After the judgment was rendered the plaintiff asked the justice first to dismiss the action and later to grant a new trial. This he refused to do.

The statute providing for an appeal reads:

"In all cases not otherwise specially provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered. (Jus. Civ. Code, § 120.)

This statute places no restriction on the right to appeal. Either party may appeal if he so desires. The plaintiff was not satisfied with the judgment rendered in its favor. It had a right to appeal.

2. Another argument of the defendant is that the appeal bond was void, and for that reason no appeal was taken and the court did not have jurisdiction of the cause. We do not agree with the defendant. The appeal bond was defective but it was not void. A new appeal bond could have been given that would have complied with the statute and have fully protected the defendant. (*McClelland Bros. v. Allison,* 34 Kan. 155, 8 Pac. 239; *C. K. & W. Rld. Co. v. Town-Site Co.,* 42 Kan. 97, 21 Pac. 1112; *St. L. K. & S. W. Rly. Co. v. Morse,* 50 Kan. 99, 105, 31 Pac. 676; *Ottawa v. Johnson,* 73 Kan. 165, 84 Pac. 749; *Elliott v. Bellevue,* 82 Kan. 78, 80, 107 Pac. 794.) The appeal bond was sufficient to give the district court jurisdiction. That court could have compelled the plaintiff to give a new bond or could have dismissed the appeal upon failure of the plaintiff so to do.

The judgment is affirmed.