No. 21,119.

BEN A. WOOD et al., *Appellants*, v. SYRACUSE SCHOOL DISTRICT · NO. 1 IN HAMILTON COUNTY et al., *Appellees.*

SYLLABUS BY THE COURT.

SCHOOL DISTRICT—*Condemnation Proceedings—Award of Damages—Appeal by Landowners—Appeal Bond.* A number of landowners appealed from an award of damages on a condemnation matter, all joining in one bond, which recited the appointment of the appraisers, their report, and the desire to. appeal, and closed with these words:

"That we hereby bind ourselves to pay all costs and expense of said appeal, should we be adjudged to pay them."

Following a motion to dismiss for want of sufficient bonds, the appealing parties requested leave to file proper bonds, which request was refused. *Held,* that such refusal was error.

Appeal from. Hamilton district court; GEORGE J. DOWNER, judge. Opinion filed December 8, 1917. Reversed.

*H. P. Jones,* of Syracuse, and *Edgar Foster,* of Dodge City, for the appellants.

*George Getty,* of Syracuse, for the appellees.

The opinion of the court was delivered by

WEST, J.: From a condemnation of land for school purposes the plaintiffs, who own separate tracts, joined in an appeal bond signed by themselves only. This obligation recited the appointment of the appraisers, their report, and the desire of the defendants to appeal, and closed with these words:

"That we hereby bind ourselves to pay all costs and expense of said appeal, should we be adjudged to pay them."

Wood v. School District.

This bond was approved by the clerk of the district court. A motion to dismiss the appeal contained eleven different grounds, but amounted in substance to the suggestion that the bond was insufficient in form and should have been separate for each owner. The motion was sustained and the obligors appeal.

The statute (Gen. Stat. 1915, § 7824) requires the appealing party to enter into an undertaking to the adverse party, with at least one good and sufficient surety, in a sum not less than $50 in any case, nor less than double the amount of judgment and costs, one of the conditions being that if judgment be rendered against him he will satisfy such judgment and costs. Such bond need not be signed by the party appealing.

The defendants, after calling attention to the joinder of the parties, rely very largely on *St. L. K. & S. W. Rly. Co. v. Morse,* 50 Kan. 99, 31 Pac. 676. It was there held that an appeal bond signed by the surety only and by no one else, which did not bind or obligate the surety in any amount whatever, was void and gave the appellate court no jurisdiction. It was said that the surety bound himself in no amount and did not agree to do anything whatever, which cannot be said of the bond now under consideration.

Of course, each landowner should have appealed separately and filed a separate bond, which should have followed the statutory requirements; but all the owners joined in the one given, and thus became sureties for one another and bound themselves therein to pay all costs and expense of the appeal should they be adjudged so to do.

This gave the court sufficient jurisdiction to permit an amendment. (*McClelland Bros. v. Allison,* 34 Kan. 155, 8 Pac. 239; *St. L. & S. F. Rly. Co. v. Hurst,* 52 Kan. 609, 35 Pac. 211; *Parker v. Gibson,* 78 Kan. 90, 96 Pac. 35; *Mercantile Co. v. Wimer,* 97 Kan. 31, 154 Pac. 216.)

The order of dismissal is reversed, and the cause remanded with directions to permit the filing of proper bonds.