No. 22,693.

*In re* THE ESTATE OF FELIX SMITH, Deceased (M. L. SMITH, *Appellant*, v. FRED SMITH [FLORA FOY, *Appellee*]).

### SYLLABUS BY THE COURT.

1. CLAIMS AGAINST ESTATE—*Heir's Right to Appeal from Allowance.* The widow of a person who died intestate may appeal from an order of the probate court allowing the claim of a creditor against the estate of the deceased.

2. SAME—*Defective Affidavit for Appeal from Allowance—Appeal Improperly Dismissed.* An affidavit for an appeal from two orders of a probate court allowing separate claims against an estate of a deceased person, recited that the "appeal is not taken for the purpose of delay," but did not recite that it was "not taken for the purpose of vexation." One appeal bond was given which was approved by the probate court for an appeal from two orders which were made on the same day. *Held,* that the district court obtained jurisdiction of both claims, and that the appeal was improperly dismissed as to one of them.

Appeal from Osborne district court; WILLIAM R. MITCHELL, judge. Opinion filed November 6, 1920. Reversed.

*J. K. Mitchell,* and *N. C. Else,* both of Osborne, for the appellant.

*H. McCaslin,* of Osborne, for the appellee.

Smith v. Smith.

The opinion of the court was delivered by

Marshall, J.: M. L. Smith, widow and heir of Felix Smith, deceased, appeals from a judgment of the district court dismissing her appeal from a judgment of the probate court allowing a claim in favor of Flora Foy against the estate of Felix Smith. He had died in Arkansas, intestate, and left surviving him his widow, and Fred Smith and Flora Foy, his children. W. B. Foy, husband of Flora Foy, was appointed administrator of the estate of Felix Smith by the probate court of Osborne county. Fred Smith and Flora Foy each presented to the probate court a claim for allowance against the estate. Both claims were allowed on the same day; from the orders allowing those claims M. L. Smith appealed. She filed but one affidavit and one bond. The affidavit stated "that she intends to appeal from the orders of said probate court, made on February 23, 1918, in the matter of the allowance of claims of Fred Smith and Flora Foy, by said probate court," and that the "appeal is not taken for the purpose of delay." The bond recited that "the condition of this obligation is such, whereas, said obligor, Mrs. M. L. Smith, intends to appeal to the district court of Osborne county, Kansas, from certain orders made in the probate court of Osborne county, Kansas, on February 23, 1918, in the matter of allowance of claims against the estate of Felix Smith, deceased, W. B. Foy, administrator, in favor of one Fred Smith in the sum of $470.75, and in favor of Flora Foy in the sum of $131."

In the district court Fred Smith and Flora Foy presented separate motions to dismiss the appeals on three grounds: first, that M. L. Smith had no capacity to appeal; second, that the affidavit for appeal failed to comply with the requirements of the statute, which latter ground was based on the proposition that the affidavit for appeal failed to recite "that the appeal is not taken for the purpose of vexation"; and third—

"That such appeal bond runs to the state of Kansas and not to this appellee; that one purported bond and only one is offered and filed in the said probate court as the basis for the appeal from the decision of the said probate court in two separate and distinct proceedings determined and decided therein in one of which this appellee is not a party, nor in any wise interested, and the other being this proceeding; and the said purported bond is without surety or security to act, the purported surety thereto in signing the same, being *ultra vires* void and ineffective."

The bond was amended on leave of court by obtaining additional surety. M. L. Smith requested leave to file an amended bond in the appeal as to Flora Foy; that leave was denied, and the appeal was dismissed as to her claim, but was not dismissed as to the claim of Fred Smith. He does not appeal to this court.

1. Did M. L. Smith have the right to appeal from the judgment of the probate court? She is interested in the estate of Felix Smith; after his debts have been paid, she will be entitled to one-half of the remainder of his estate. She is interested in seeing that the funds of the estate are not diminished by the allowance of claims for which the estate is not liable. If the assets of the estate are dissipated, she will be injured. This brings her within the principle underlying the rule declared in *Sarbach v. Deposit Co.,* 99 Kan. 29, 32, 160 Pac. 990, where this court said:

"That a creditor of the personal estate who is dependent upon the personal estate's share of the residue of a partnership estate for the satisfaction of his claim, has such interest in the partnership estate as will entitle him to resist the allowance of a questionable claim in the settlement of the partnership estate in the probate court, and to appeal from the decision of that court."

If a creditor is interested in preserving the assets of an insolvent estate for the purpose of increasing the amount that he may receive to apply on his claim, an heir is likewise interested in preserving the assets of an estate for the purpose of increasing the amount of his share on the final distribution. If a creditor has the right to protect the assets in order to secure the payment of his claim, an heir should also have the right to protect the assets in order to preserve the amount of his distributive share. If a creditor has the right to appeal, an heir should have the right to appeal. It necessarily follows that M. L. Smith can appeal from the judgment of the probate court.

2. The complaints concerning the affidavit for an appeal and the appeal bond may be considered together. The affidavit for an appeal in the present case is very similar to the one found in *Jarrard v. McCarthy,* 95 Kan. 719, 149 Pac. 696, where the affidavit recited that it was "made in good faith and not for the purpose of willful delay." (Syl. ¶ 1.) This court there held

that the appeal should not have been dismissed. The reasoning by which that conclusion was reached applies in the present case. It should be remembered that these appeals from the probate court were taken from separate orders of allowance of claims made on the same day. The administration of the estate of Felix Smith was one proceeding, although numerous orders may have been made therein at different times from which appeals might have been taken, if taken within the time allowed therefor. These appeals were taken within proper time, and the clear intention of M. L. Smith was to appeal from both orders.

"Appeals are favored, and mere technical defects or omissions are to be disregarded, as far as possible, without obstructing the course of justice." (*Haas v. Lees,* 18 Kan. 449, syl. ¶ 2.)

To the same effect are—*Smith v. Nescatunga Town Co.,* 36 Kan. 758, 14 Pac. 246; *C. K. & W. Rld. Co. v. Town-Site Co.,* 42 Kan. 97, 104, 21 Pac. 1112; *Brown Co. v. Burkhalter,* 75 Kan. 321, 89 Pac. 696; *Mercantile Co. v. Wimer,* 97 Kan. 31, 33, 154 Pac. 216. Amendments of affidavits for appeals and of appeal bonds, have been permitted, and new appeal bonds have been filed in order to perfect attempted appeals, where the statute giving the right to appeal had not been strictly complied with. (*McClelland Bros. v. Allison,* 34 Kan. 155, 8 Pac. 239; *Ottawa v. Johnson,* 73 Kan. 165, 84 Pac. 740; *Elliott v. Bellevue,* 82 Kan. 78, 107 Pac. 794; *Mercantile Co. v. Wimer,* 97 Kan. 31, 154 Pac. 216.) If the court was not satisfied with the appeal bond, it could have directed that a new appeal bond, or bonds, be filed. The rules that have heretofore been declared control in the present instance. The appeal of M. L. Smith was improperly dismissed as to Flora Foy.

It is so held, and the judgment dismissing that appeal is reversed.