No. 24,045.

C. C. MINER et al., *Appellees*, v. GEORGE BLAKEMAN et al. (S. A. GOBLE, *Appellant*).

SYLLABUS BY THE COURT.

INJUNCTION BOND—*Sureties—Signatures of Surety to Qualification of Sureties Only—No Signature to Bond—Surety Bond.* The defendant signed the qualification of sureties on an injunction bond approved by the judge of the district court, but did not sign the bond in any other place. The qualification recited that defendant was surety on the bond. Action was commenced against him on the bond. His demurrer to the petition was sustained. He gave no further attention to the action, and judgment was rendered against him by default on an amended petition. He soon thereafter filed a motion to set aside the judgment and tendered an answer, in substance denying that he had signed the bond, but he did not plead anything to avoid the signature. He admitted in open court that he signed the qualification of sureties on the bond. *Held,* not error to deny the motion to set aside the judgment.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed December 9, 1922. Affirmed.

*T. V. McCluggage,* of Wichita, for the appellant.

*J. N. Haymaker, A. V. Roberts,* and *R. E. Angle,* all of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: S. A. Goble appeals from a judgment rendered against him by default on an injunction bond.

To the original petition, Goble filed a demurrer, which was sustained. An amended petition was then filed, to which Goble did not plead, and judgment was rendered against him by default. Af-

terward, he filed a motion to set aside the judgment in which he, in substance, stated that he had supposed that, when his demurrer to the original petition was sustained, he was released from further attention to the case and therefore paid no further attention to it. With his motion, he tendered an answer containing the following allegations:

"1. That he denies that he ever by his mark or by his signature or otherwise made, executed or delivered the pretended indemnity bond instrument or obligation set out in plaintiffs' Amended Petition at 'Exhibit A,' either as principal or surety, or otherwise;

"2. That he denies that he ever authorized or directed anyone to sign, make, execute or deliver said instrument for him or on his behalf, or for any purpose, or in any manner whatsoever;

"3. That he denies that he ever admitted, acknowledged or otherwise recognized the execution of the validity of said instrument to the plaintiffs, or to any other person or persons whomsoever; and denies that he ever acknowledged the execution thereof before John Adams as Notary Public, or otherwise, or before anyone in any capacity whatsoever; and denies that he ever at any time or in any manner stated, admitted or acknowledged to the plaintiffs, or to any other person or persons whomsoever, that he had signed or made or executed said instrument in any manner whatsoever, or that he was in any manner liable thereon."

On the presentation of the matter to the court, the defendant admitted that he signed the verified qualification of the sureties on the bond. That verification, so far as he is concerned, read:

"State of Kansas, County of Sedgwick, ss.:

"I, S. A. Goble, surety on the above undertaking, do testify on oath, that I am worth Six Hundred Dollars, over and above all my liabilities, debts and exemptions and that I am a resident and citizen of Sedgwick county, Kansas.

"x—S. A. GOBLE.

"Subscribed in my presence and sworn to before me this — day of ————, A. D. 1918.

"My commission expires ————, 191—.

(SEAL.)                              JOHN W. ADAMS, Notary Public."

The bond was approved by the judge of the district court.

In ruling on the motion to set aside the judgment, the court said:

"That the judgment, which the defendant Goble seeks by his said motion to have vacated and set aside, was rendered herein on June 18, 1921, against said defendant by default; and that said motion of said defendant is duly verified by him, and that said motion was filed and heard during the same term of this Court in which said judgment by default was so rendered, and that said defendant in said motion and upon the hearing thereof tendered for filing his verified Answer to the plaintiffs' Amended Petition; and the Court further finds that the defendant, S. A. Goble, the surety on the injunction

bond in the case of *George Blakeman vs. The City of Wichita,* Number 38752, is liable as surety on said bond, for the reason that he signed the qualification on said bond, and that said bond is a valid bond against the defendant, S. A. Goble; if the Court were of the opinion that the defendant, S. A. Goble, was not liable on said bond as surety, it would exercise its discretion and vacate the judgment; the Court further finds that this case was regularly set for trial and came on for trial at the time when it was set for trial."

With the signature to the verified qualification of sureties admitted, there was nothing pleaded in the answer of S. A. Goble to avoid the consequences of his signature, nor to contradict the statements contained in his affidavit. He signed the qualification and in it stated that he was surety on the undertaking. For what purpose could the defendant have signed the qualification, if it were not to become surety? In *Elliott v. Bellevue,* 82 Kan. 78, 107 Pac. 794, the court said:

"Persons who have signed an affidavit indorsed on an appeal bond, describing themselves as sureties thereon, must be deemed, in the absence of some showing to the contrary, to have intended thereby to bind themselves in that capacity, and therefore to have executed the bond, although their signatures are not otherwise attached to it." (See, also, 9 C. J. 14.)

The court correctly concluded that the answer did not state a defense.

The judgment is affirmed.