No. 30,115.

B. J. Sheridan, *Appellee*, v. The Phillips Pipe Line Company, *Appellant*.

(5 P. 2d 817.)

Opinion filed December 12, 1931.

R. E. Coughlin, Edward H. Coughlin, both of Paola, and G. P. Cantrell, of Bartlesville, Okla., for the appellant.

Frank M. Sheridan, Bernard L. Sheridan, both of Paola, and L. Perry Bishop, of Osawatomie, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This appeal is in a condemnation proceeding instituted by the Phillips Pipe Line Company, condemning a right of way across a quarter section of land in Miami county for the

construction of a pipe line. The landowner attempted to appeal to the district court from the award allowed him by the condemnation commissioners, filing his bond within time, and this appeal is by the pipe-line company from the decision and order of the district court refusing to dismiss the appeal of the landowner and from the order permitting an amendment of the appeal bond and the filing of a supplemental bond in that appeal.

The sole question involved is whether or not the bond filed by the landowner with the county clerk of Miami county on November 15, 1930, in attempting to perfect an appeal from the award of the condemnation commissioners, is void.

On December 16, 1930, the pipe-line company filed a motion, appearing specially, to quash and dismiss the appeal. On December 24, 1930, the landowner filed an application to amend the original bond and to file a supplemental bond. On December 31, 1930, the pipe-line company filed its objections to the court entertaining the application to amend the original bond and to file a supplemental appeal bond. On January 24, 1931, the trial court heard the motion, application and objection and sustained the application to amend the original bond and file a supplemental appeal bond and overruled the motion to quash and dismiss the appeal and also the objection to the filing of a supplemental bond. The supplemental bond was on the same day filed with the clerk of the district court, it having been theretofore filed with the county clerk. From these three rulings and orders of the district court the pipe-line company appeals to this court.

The question is whether or not the original appeal bond was void. If it was void it should not have been amended and the case should have been dismissed. The contention of the appellant is that the bond was absolutely void, and therefore could not be amended, while appellee insists it is defective and irregular only and is such as can under the statute be amended.

The unusual and questionable feature of the bond is in the fact that an entire stranger to the transaction is named in the concluding or obligation portion of it, instead of the Phillips Pipe Line Company. The first paragraph of the bond, by way of preamble, states that on the application of the Phillips Pipe Line Company appraisers to condemn a right of way over certain land, describing it, had been appointed, that they had made an appraisement and filed their report showing the damages sustained by the undersigned

owner (the appellee herein), giving the amount of the damages awarded, which amount it states had been paid to the county treasurer; then it further recites that—

". . . the undersigned hereby appeals from the said report of the said appraisers and appeals from all proceedings of every kind and character had or held with reference to the said application to condemn, and all subsequent proceedings, on the ground that each and all of the said proceedings are illegal and void, and further appeals from the said amounts found and reported by said appraisers because they are illegal, unlawful and without jurisdiction and as well grossly inadequate and insufficient, said appeal by the undersigned appellant being an appeal to the district court of Miami county, Kansas, and this bond is given as an appeal bond by Bernard J. Sheridan, appellant, and Jno. W. Sheridan and Frank M. Sheridan, as sureties."

The first sentence of the second or obligation paragraph is as follows:

"That we and each of us bind ourselves, our heirs and assigns to well and truly pay to the City [Cities] Service Gas Company, a Delaware corporation, any and all lawful damages that may be sustained by the said corporation by reason of said appeal, and that we will pay all lawful costs occasioned by the said appeal if the amount finally recovered by said appeal and the proceedings incident to said appeal should not exceed the aggregate sum or sums above mentioned that were by the said appraisers' report shown and the amount thereof that has been paid to the said county treasurer."

Two succeeding sentences in the second paragraph are as follows:

". . . and that if a judgment be rendered against said appellant on the appeal, said appellant will satisfy such judgment and costs so rendered against him. . . . And if the said appellant shall comply with each and all of the provisions of this bond and the terms of the foregoing appeal, and shall satisfy all judgments rendered against him on such appeal in the district court as above specified, then this bond shall be void, otherwise to remain in full force and effect."

The appellant contends that the obligation of the bond runs to the Cities Service Gas Company, a Delaware corporation, an entire stranger to the transaction and record, and therefore it is not a bond to the party in interest and is an absolute nullity. The appellee maintains, and the trial court so held, that the bond did not definitely run to the stranger, mentioned therein, but really ran to the adverse party, and that it was only defective and irregular to such an extent that it could properly be amended.

The purpose in setting out above so much of the language of the bond is to be able in this connection to give proper weight and consideration to all of its provisions, as well as the part that is par-

ticularly objectionable. It may be conceded that the name of the Phillips Pipe Line Company should have been inserted in the bond where that of the Cities Service Gas Company appears, yet it is possible that the context may in a measure supply this omission or possibly render the insertion of a stranger's name surplusage. If there should be sufficient in this bond to justify a construction of it as running to the adverse party, notwithstanding the appearance therein of the name of an absolute stranger to the record, then the bond could not properly be said to be running to such stranger. This expression of the bond running to a party comes from no less eminent authority than Judge Brewer in the case of *Lovitt v. Wellington & Western Rld. Co.*, 26 Kan. 297, which is cited and pressed by appellant as "on all fours" with this case. But a resort to the record shows that the bond in that case was quite different from the one here involved, and therein exists the possible mistake in saying that this bond runs to the stranger when there are so many things in this bond to make that matter questionable, while in the bond in the Lovitt case there were no such features and the bond in that case presented no such possibility by its context. The bond in the Lovitt case, as shown by the record in that case, recited the entire transaction of the condemnation proceedings as being instituted and carried on by another and different railroad company, viz., the Cowley, Sumner & Fort Smith Railroad Company, and it nowhere, except in the caption, directly or indirectly refers to the Wellington & Western Railroad Company, defendant in the case. So in that situation the bond unquestionably ran to a stranger. The bond in the Lovitt case was held to be void, and in several places in the opinion something is said in favor of amending the bond if it was only defective, insufficient or irregular, and the opinion concluded with the statement that the bond "is void, amounts to nothing, and furnishes no basis sufficient to compel an amendment."

The bond here and now under consideration describes the condemnation proceedings instituted by the Phillips Pipe Line Company. It gives the result of the appraisement, the payment by the pipe-line company of the award to the county treasurer, the intention to appeal from that award, and after the reference to the Cities Service Gas Company, the bond obligates its makers to pay all costs occasioned by the appeal if the amount recovered by the appeal does not exceed that deposited with the county treasurer, and it further obligates its makers to satisfy any judgment and costs ren-

dered against appellant on the appeal. We think the provisions of the bond plainly show a direct and positive obligation running to the adverse party, the Phillips Pipe Line Company, notwithstanding the insertion of the extra name and sentence which causes the confusion. We further think that a fair construction of the rest of the bond, aside from the confusing sentence, would be a sufficient basis for an unavoidable obligation that could be enforced against the makers of the bond. We give full consideration to the force of this early decision and the many cases wherein it has been followed, yet if the facts are so different as to present an entirely different situation, the ruling therein is not applicable. All parties are agreed that appeals from an award of condemnation commissioners in a case of this kind shall be had in the same manner as appeals are granted from the judgment of the justice of the peace to the district court, and R. S. 61-1002 requires that the party appealing shall "enter into an undertaking to the adverse party." We think that the original bond in this case was a bond to the adverse party regardless of the confusing extra name and paragraph, that it was irregular and informal by reason of its containing surplusage and confusing matter, but was not void.

"An undertaking on appeal from proceedings to appropriate land for park purposes, running to the park board instead of the city as required by law, was not void but was informal, and it was proper to allow an amended undertaking to be filed after the period for taking an appeal had expired." (*Kelchner v. Kansas City*, 86 Kan. 762, syl. ¶ 1, 121 Pac. 915.)

"A bond given to effect an appeal from a survey, by a party affected thereby, and running to the party or parties who requested the same, is sufficient to give the court jurisdiction of the case, although other persons may also be affected by the survey.

"The law favors appeals, and the statute (Gen. Stat. 1901, § 1821), being silent as to whom the bond should run, should be liberally construed in favor of a hearing upon the appeal." (*Goffinet v. Soper*, 77 Kan. 555, syl. ¶¶ 1, 2, 95 Pac. 571.)

In the case of *Mercantile Co. v. Wimer*, 97 Kan. 31, 154 Pac. 216, the appeal bond filed in justice court "was in statutory form except that it did not run to the defendant or any other person and provided only for satisfaction of such judgment for costs as might be rendered against the plaintiff," and the court held:

"An appeal bond in a justice of the peace court is not necessarily void because it fails to follow all the statutory requirements, and if defective a proper bond may be filed in the district court." (Syl. ¶ 2.)

In *Burke v. Missouri-K.-T. Rld. Co.*, 132 Kan. 625, 296 Pac. 380, one appeal bond was given by the owner of several lots taken by condemnation proceedings by a railroad company where separate awards were made as to each lot, and the court held the irregularity was not such as to make the bond void.

"A number of landowners appealed from an award of damages on a condemnation matter, all joining in one bond, which recited the appointment of the appraisers, their report, and the desire to appeal, and closed with these words:

"'That we hereby bind ourselves to pay all costs and expense of said appeal, should we be adjudged to pay them.'

"Following a motion to dismiss for want of sufficient bonds, the appealing parties requested leave to file proper bonds, which request was refused. *Held,* that such refusal was error." (*Wood v. School District,* 102 Kan. 78, syl., 169 Pac. 555.)

"On an appeal from the condemnation of land for the storage of water, made under section 1 of chapter 151, Laws of 1899 (Gen. Stat. 1901, § 3758), the real estate affected should be described in the appeal bond, but a defective description may be rendered certain by an express reference in the bond to the report of the condemnation commissioners." (*Irrigation Co. v. McLain,* 69 Kan. 334, syl. ¶ 1, 76 Pac. 853.)

"On an appeal from the award of commissioners appointed to condemn a right of way for a railroad company through land, and to assess the value of the land taken and damages sustained, in which the appeal bond was conditioned that the appellant would prosecute the appeal without unnecessary delay and pay all costs and damages awarded against him, the bond being in the sum of $500, and the award being in the sum of $1,480, the district court acquired jurisdiction of the subject matter of the action, notwithstanding the fact that the bond was not in double the amount of the award." (*C. K. & W. Rld. Co. v. Town Site Co.,* 42 Kan. 97, syl., 21 Pac. 1112.)

We conclude that the original appeal bond was not absolutely void, and it was not error for the trial court to permit it to be amended and a supplemental bond to be filed over the objection of the opposing party, nor to overrule the motion of the appellant herein to quash and dismiss the appeal.

The judgment is affirmed.