McCLELLAND BROTHERS v. ALEXANDER ALLISON.

1. APPEAL *from Justice's Court; Renewal of Undertaking.* In proceedings on appeal from the final judgment of a justice of the peace, the district court has the power to order a change or renewal of the undertaking, when the surety thereto is insufficient, or the undertaking insufficient in form or amount.

2. RENEWAL OF APPEAL BOND; *Power of District Court.* Where a final judgment is rendered before a justice of the peace against a partnership consisting of two members, and one of the partners, who is a practicing attorney residing in the county where the cause was tried, within ten days from the rendition of the judgment goes before the justice, gives an appeal bond, signing the partnership name as principal and his individual name as surety, and the appeal bond is otherwise in due form, and is accepted and approved by the justice, and thereafter the appeal is docketed in the district court for trial, *held,* that upon a motion of the appellee to dismiss the appeal the district court has the power to order a change or renewal of such undertaking, so as to comply with the statute.

*Error from Neosho District Court.*

ON March 31, 1884, *Alexander Allison* filed with a justice of the peace of Neosho county his bill of particulars, and therein demanded judgment against G. W. McClelland and D. E. McClelland, partners as *McClelland Brothers,* for $285, with interest from March 15, 1884. Judgment was rendered in the action before the justice in favor of Allison against the McClelland Brothers on May 5, 1884, for $288 debt, and $12.50 costs. On May 14, 1884, G. W. McClelland, of the firm of McClelland Brothers, went before the justice and executed the following bond, (court and title omitted:)

"Whereas the defendants, McClelland Bros., intend to appeal from a judgment rendered against them in favor of the plaintiff for $288, judgment, and $12.50 costs, on the 5th day of May, 1884, by the undersigned justice of the peace of Tioga township in said county; now we, the undersigned, residents of said county, bind ourselves to said plaintiff in the sum of six hundred dollars that said defendants shall prosecute their appeal to effect and without unnecessary delay, and

satisfy such judgment and costs as may be rendered against them therein. McClelland Bros.

G. W. McClelland."

This was approved on May 14, 1884, by George W. Ashby, the justice of the peace. Afterward the case was docketed in the district court of Neosho county, and came regularly on for trial at the July Term, 1884, when Allison appeared specially by his attorney, for the purpose of presenting a motion to dismiss the appeal. The grounds of his motion were, first, that no appeal bond had been given in the action, as required by law; second, that the pretended appeal bond given by the defendants was not signed by any surety — the pretended surety thereto being one of the defendants; third, that the pretended surety to the appeal bond, G. W. McClelland, was at the time of the signing of the bond, and still is, a practicing attorney at law, residing in Neosho county. Upon the hearing of the motion it was admitted that G. W. McClelland, who signed the appeal bond, was one of the defendants and a practicing attorney at law in said county. Pending the hearing of the motion, the defendants requested the court to be permitted to execute a new or amended appeal bond with a good and sufficient surety, which request the court overruled upon the ground that it had no power or discretion to permit another bond to be given. The court thereupon sustained the motion and dismissed the appeal at the costs of the defendants, amounting to $29.90. The defendants excepted, and bring the case here.

*C. F. Hutchings*, for plaintiffs in error.

*Amos S. Lapham*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The question before us for determination is, whether the district court possessed the power, under the circumstances of this case, to permit the filing of an amended appeal bond. Section 121 of civil procedure before justices, reads:

"The party appealing shall, within ten days from rendition of the judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned: *First*, That the appellant will prosecute his appeal to effect, and without unnecessary delay. *Second*, That if judgment be rendered against him on the appeal, he will satisfy such judgment and costs. Such undertaking need not be signed by the appellant."

Sec. 131 of said procedure provides:

"In proceedings on appeal, when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in form or amount, it shall be lawful for the court, on motion, to order a change or renewal of such undertaking, and direct that the same be certified to the justice from whose judgment the appeal was taken, or that it be filed in said court."

It is claimed that the bond given is a mere nullity, and therefore furnishes no basis sufficient to authorize an amendment. The surety upon the bond ought not to have been accepted, because he is a member of the firm of McClelland Brothers, and also because he is a practicing attorney residing in Neosho county. Therefore the appeal bond is not such a one in all respects as is required by the statute. Even, however, if the bond be defective, it having been accepted, filed and approved by the proper officer, we think it furnishes sufficient basis to order a change or renewal thereof. The provisions of said § 131 should be liberally construed with a view to promote its object and assist parties in obtaining justice. Again, as a rule, appeals are to be favored, and mere technical defects or omissions are to be disregarded. In this case, G. W. McClelland signed the undertaking as surety, and was accepted by the justice as surety; it is true the surety is insufficient, but as the undertaking is otherwise sufficient in form and amount, and is only defective on account of the surety thereto, the district court had the power to permit an amended appeal bond to be filed. It is difficult to conceive any just cause which the

*Amended appeal bond, may be filed.*

Cohen v. St. L., Ft. S. & W. Rld. Co.

defendants in error have to complain, if the district court shall accept a sufficient bond. All of the parties have proceeded as though an appeal had been taken from the judgment of the justice of the peace, and pending the motion to dismiss the appeal, plaintiffs in error offered and asked permission to file a sufficient bond. Upon the first occasion that the appeal bond was challenged, the parties thereto offered to rectify it. In furtherance of justice, this ought to have been permitted. An appeal will give all the parties a full and fair trial upon the merits. (*Coleman v. Newby,* 7 Kas. 83; *Mitchell v. Goff,* 18 Iowa, 424; *Irwin v. Bank,* 6 Ohio St. 81; *Shelton v. Wade,* 4 Tex. 148; *Probst v. Probst,* 2 Wall. 96; *Seymour v. Frees,* 5 id. 822.)

In *Lovitt v. Railroad Co.,* 26 Kas. 297, the bond was not simply defective or irregular, or insufficient in amount, or insufficient in security, but a bond which, running to a party entirely a stranger to the record, was a perfect nullity.

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.