THE CITY OF OTTAWA V. MARY JOHNSON.

No. 14,675.    (84 Pac. 749.)

SYLLABUS BY THE COURT.

APPEAL BOND—*Signed by Defendant Alone—Validity.* Where a defendant upon conviction in police court offers an appeal bond signed only by himself, and the police judge approves it and discharges him from custody, it is error for the district court to dismiss the appeal because the bond lacks the signature of a surety, although the statute provides that no appeal shall be allowed unless the appellant enters into a recognizance with good and sufficient security, to be approved by the police judge, for his appearance in the district court to answer the charge against him.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed February 10, 1906. Reversed.

*George D. Rathbun,* for appellee.
*Gamble & Costigan,* for appellant.

The opinion of the court was delivered by

MASON, J.: On May 29, 1905, Mary Johnson was convicted in the police court of the violation of an or-

dinance of a city of the second class. On the same day, for the purpose of effecting an appeal to the district court, she presented a bond for her appearance at the next term thereof, signed by herself but by no other person. The police judge indorsed his approval upon the bond, and the defendant was discharged from custody. At the next term of the district court, in September, she appeared for trial, and the prosecution moved to dismiss the appeal upon the ground that the bond, being signed by no one except the plaintiff, was void. The motion was allowed, and the defendant upon an appeal to this court presents the single question of the correctness of that ruling.

In behalf of the appellee it is argued that the statute (Gen. Stat. 1901, § 1041) makes it a condition of the allowance of an appeal from a conviction in police court that the defendant shall enter into a recognizance, "with good and sufficient security to be approved by the police judge," for his appearance in the district court; that the word "security" as there used means "surety"; and that the bond given in this case, not being signed by a surety, failed to comply with the statute, and was therefore an absolute nullity and conferred no jurisdiction upon the district court. To this we cannot agree. It was held in *McClelland Bros. v. Allison,* 34 Kan. 155, 8 Pac. 239, that an appeal bond approved by a justice of the peace in a civil case, signed only by the parties against whom the judgment had been rendered, was not entirely void, and might be amended, although the statute (Gen. Stat. 1901, § 5354) required that it should be signed by "at least one good and sufficient surety." It is true that there is express statutory authority (Gen. Stat. 1901, § 5361) for renewing an appeal bond in a civil case where the surety is insufficient or the undertaking is defective in form or amount, while the criminal code contains no corresponding provision. In the case cited the statute permitting such renewal was referred to, but the conclusion reached involved a holding that the bond there

under consideration, although lacking a surety, was not absolutely void, and a distinction was noted in that regard between such a bond and one running to the wrong obligee, which was decided in *Lovitt v. Wellington & Western Rld. Co.*, 26 Kan. 297, to be without effect for any purpose.

It is said, and there appears to be no authority to the contrary, that "although the statute provides that recognizances shall be executed by two sureties, a recognizance is not invalid because executed by one only." (3 A. & E. Encycl. of L. 683. See, also, 2 Cyc. 922.) Upon the same principle it seems clear that a recognizance upon appeal, entered into by a defendant without any surety whatever, although it fails to meet fully the requirements of the law, is not utterly void, but if approved and acted upon is effective to bind the signer and confer jurisdiction upon the appellate court.

No question is presented regarding the right of the district court to require the giving of a further recognizance.

The judgment is reversed, with directions to deny the motion to dismiss.

All the Justices concurring.