# M. J. SPAULDING IMPLEMENT CO. v. GOFORTH.

No. 6004. Opinion Filed January 18, 1916.

(154 Pac. 649.)

1. **JUSTICES OF THE PEACE—Appeal—Technical Defects.** Appeals are favored, and meie technical defects or omissions, which do not go to the jurisdiction of the court, should be disregarded as far as possible, without obstructing the course of justice.

2. **SAME—Defective Appeal Bond—Opportunity to Cure Defects.** Where an appeal bond, filed and approved by a justice of the peace, is insufficient in form or amount. or contains clerical errors, or is even lacking in material particulars, which could be readily cured, the party appealing should be given an opportunity by the appellate court where the appeal is pending to amend or cure the defects or renew the bond before the appeal is dismissed for such defects.

3. **SAME—Variance in Names.** The practice in regard to misnomers, like the doctrine of **idem sonans**, has been broadened by modern decisions to include the rule that a variance in names, to be material, must be such as to mislead the opposite party to his prejudice.

4. **SAME—Construction of Statute.** The statute providing for appeals shall be liberally construed, with a view to promote its object. and to assist parties in obtaining justice. And when the initials of a name of one of the parties. such as "J. M.," is used in some parts of the case interchangeably with "M. J.," and the proper or correct name can be ascertained from the entire record, the action should not be dismissed, but should proceed to judgment in the correct name of the party.

(Syllabus by Robberts, C.)

23—54

*Error from County Court, Craig County;*
*S. F. Parks, Judge.*

Action by A. P. Goforth against the M. J. Spaulding Implement Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Joseph A. Gill,* for plaintiff in error.

*F. M. Smith,* for defendant in error.

Opinion by ROBBERTS, C. On the 12th day of October, 1912, A. P. Goforth commenced this action before a justice of the peace in Craig county against M. J. Spaulding Implement Company to recover judgment for $160 as purchase price for a hay press. The bill of particulars was entitled "A. P. Goforth v. J. M. Spaulding Imp. Co." The cost bond filed by plaintiff gave "M. J. Spaulding Imp. Co." as defendant. The body of the summons showed "J. M. S.," but the return of the sheriff shows the summons served on "M. J. S." The record shows that the initials of Spaulding were used interchangeably in several different places. The defendant answered: (a) Stating its true name to be M. J. Spaulding Implement Company; (b) a general denial; (c) by claiming a set-off and counterclaim for the sum of $197.91.

The case was tried before a justice of the peace, and judgment rendered in favor of the defendant and against the plaintiff in the sum of $15 and costs. In due time the plaintiff appealed said case to the county court, and in the appeal bond defendant was designated as "J. M. Spaulding Implement Co." The bond was duly approved by the justice of the peace and the case lodged in the county court. The defendant then filed its motion to dismiss the appeal, which motion is as follows:

"IN THE COUNTY COURT OF CRAIG COUNTY, STATE OF OKLAHOMA.

"A. P. Goforth, Plaintiff, v. J. M. Spaulding, Defendant. "Motion to Dismiss Appeal.

"Comes now M. J. Spaulding Implement Co., defendant, and moves the court to dismiss this appeal for want of an appeal bond herein for the reasons following, to wit:

"(1) Because said bond does not bind any person as surety thereon.

"(2) Because the purported bond for appeal herein runs to a different obligee than defendant.

"(3) Because said bond bears no particular date.

"(4) Because the judgment attempted to be appealed from and for which this appeal bond was given is in favor of J. M. Spaulding, and not in favor of J. M. Spaulding Implement Co., as described in said purported appeal bond.

"All of which is respectfully submitted.

> "M. J. SPAULDING IMPLEMENT CO.,
> "By JOSEPH A. GILL, *Its Attorney.*"

The appeal bond is as follows:

"STATE OF OKLAHOMA, COUNTY OF CRAIG—SS.

"Before Ed. A. Stanley, Justice of the Peace, Vinita Justice of the Peace District, Craig County, Oklahoma.

"Know all men by these presents, that A. P. Goforth, as principal, and ——— and ———, as sureties, are held and firmly bound unto J. M. Spaulding Imp. Co. in the sum of $100.00 for the payment of which well and truly to be made we bind ourselves, our heirs, executors, and administrators firmly by these presents:

"The condition of the above obligation is such that, whereas, the said A. P. Goforth intends to appeal to the county court of Craig county from a judgment rendered

against him, in favor of J. M. Spaulding Imp. Co., in the justice of the peace court of said county of Craig, State of Oklahoma, on the 11th day of January, 1913, at Vinita, in said county: Now, if the said A. P. Goforth, appellant, shall prosecute said appeal to a determination with due diligence, and will abide by, fulfill, and perform whatever judgment, decree, or order may be rendered against him, * * * then this obligation to be void; otherwise, to remain in full force and effect. Witness our hands and seals this ———— day of January, 1913.

"A. P. GOFORTH.
"J. S. MARTIN."

"[Qualification of surety.]

"Taken and approved by me this 15th day of January, 1913.

"ED A. STANLEY, *Justice of the Peace.*"

The motion to dismiss was overruled, exceptions duly saved, and bill of exceptions taken by defendant, and allowed and signed by the court. In the bill of exceptions the defendant is designated as "M. J. Spaulding Implement Company."

We gather from the record that the case was then tried to a jury, although the evidence is not brought up, and judgment rendered in the county court in favor of the plaintiff, against the defendant, in the sum of $128.55. A motion for new trial was filed by defendant, in the name of M. J. Spaulding Implement Company. Among other grounds for a new trial, is the following:

"Because the court was without jurisdiction to submit said case to the jury for want of an appeal bond in said cause."

Other grounds were set up in the motion, but were not supported by citations and argument in the brief,

presumably because they were not well taken. The motion for new trial was overruled. Several applications for extension of time to make and serve the case-made were presented to the court and allowed by the judge. In all of these applications the defendant appears in the name of M. J. Spaulding Implement Company. A stipulation as to the record and contents thereof was filed by the parties which is as follows:

"It is hereby stipulated and agreed by the parties that the foregoing case-made contains full, true, and accurate copies of all records, pleadings, transcript, and appeal bond filed in the justice of the peace court and transmitted by the justice of the peace to the county court on appeal and includes the motion of M. J. Spaulding Implement Co. to dismiss the appeal and bill of exceptions thereon, and also its motion for new trial, the journal entry of judgment of the county court, and extensions of time in which to make and serve case-made, and constitutes true and accurate copies of all matters in the record in connection with said cause of action to bring before the Supreme Court for its decision in said cause the question as to whether an appeal had been taken in said action from the justice of the peace court to the county court, by giving an appeal bond therein, and as to whether or not said appeal was properly lodged in said county court, so that it could try said cause on appeal and pronounce judgment on the merits therein."

A certificate of the clerk of the court as to the contents of the record is as follows:

"This is to certify that the foregoing case-made contains a full, true, and accurate record and copy of all pleadings, papers, and records, including transcript from the justice of the peace court on appeal and the appeal bond transmitted to the county court on the appeal in the above entitled cause; also a true and correct copy of the motion by M. J. Spaulding Implement Co. to dismiss said

appeal, together with a correct copy of the bill of exceptions, signed by the county judge, bringing said motion upon the records in said cause; also a true and correct copy of the journal entry of judgment therein, and true and correct copies of extension of time in which to make and serve case-made.

"In witness whereof I have hereunto set my hand and seal of court this 14th day of January, 1914."

The specifications of error are as follows:

"First. That said court erred in overruling the motion of plaintiff in error to dismiss the appeal from said justice of the peace's court for want of an appeal bond.

"Second. That said county court erred in assuming jurisdiction and trying of said cause without an efficient appeal having been taken.

"Third. That said county court erred in pronouncing judgment upon the verdict of the jury in the trial of said cause in favor of the defendant in error and against plaintiff in error.

"Fourth. That said county court erred in overruling the motion of the plaintiff in error for a new trial in said cause, and in not granting said motion for new trial and dismissing said appeal for want of appeal bond."

It will be seen from the foregoing that the only question brought up by the case-made, which will be treated as a transcript, is the ruling of the trial court in denying the motion to dismiss the appeal because of the insufficiency of the appeal bond.

In passing upon this question it is well to bear in mind the rule that appeals are favored, and that mere technical defects or omissions are to be disregarded as far as possible, without obstructing the course of justice.

The rule laid down in *St. L. & S. F. Ry. Co. v. Hurst*, 52 Kan. 612, 35 Pac. 211, is as follows:

"Where an appeal bond, filed and approved by a justice of the peace, is insufficient in form or amount, the party appealing should be given an opportunity by the district court where the appeal is pending to change or renew the bond before the case is dismissed for a defect therein. * * * The trial court committed error in dismissing the appeal."

It cannot be said that this bond was absolutely void. It refers with directness to the court in which the judgment was rendered, gives the correct date and amount of the judgment, the proper and correct name of the plaintiff, states that judgment was rendered in favor of the defendant, which was correct, the transcript of the justice, showing all the proceedings, was filed with the bond, and the only matter seriously complained of is that the defendant was designated "J. M. Spaulding Implement Co.," instead of "M. J. Spaulding Implement Co." No one could have been misled or injured by this technical error.

The rule of *idem sonans* has been largely extended by recent decisions, to include the doctrine that a variance in names, to be material, must be such as to mislead the complaining party to his injury.

The fact that the names of the principal and surety were left out of the body of the bond is immaterial. In *St. L., K. & S. W. Ry. Co. v. Morse,* 50 Kan. 99, 31 Pac. 676, cited by plaintiff in error, Justice Valentine, speaking for the Supreme Court of Kansas, says:

"An appeal bond not absolutely void would probably carry the case to the district court, however irregular it might be, and would probably constitute such an appeal as to enable the appellate court to take jurisdiction of the case and to do whatever might be right and proper in the case."

On proper application by the defendant below, the plaintiff, appellant from the justice court, could, and no doubt would, have been required to correct any irregularities or technical defects in the bond; but under all the circumstances, including the condition of the record as shown by the transcript of the justice of the peace, we are of opinion that the trial court did not err in overruling the motion to dismiss the appeal. In *McClelland v. Allison*, 34 Kan. 155, 8 Pac. 239, Chief Justice Horton of the Supreme Court of Kansas, in speaking of appeals, says, in substance:

"The statute should be liberally construed with a view to promote its object, and assist parties in obtaining justice, that appeals should be favored, and mere technical defects or omissions should be disregarded."

And this has long been the rule of this court. The case should be affirmed.

By the Court: It is so ordered.