No. 31,617

T. G. Wald, as The Wald & Company, *Appellant*, v. A. Bukaty, *Appellee.*

(32 P. 2d 456.)

Opinion filed May 5, 1934.

*Melvin E. Buck,* of Kansas City, for the appellant.

*E. S. McAnany, M. L. Alden* and *T. M. Van Cleave,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Plaintiff took some steps toward perfecting an appeal to the district court from a judgment against him rendered by the city court of Kansas City. The district court dismissed the appeal. Plaintiff appeals.

The appeal bond was signed by plaintiff by his attorney as principal and by the attorney as surety. The statute provides that no practicing attorney shall be taken as surety on any bond in any legal proceeding in the district in which the attorney resides. (R. S. 78-101.) While an attorney may not escape liability on a bond which he was disqualified to sign as surety, the principal takes no benefit from the bond if it be seasonably attacked for lack of a qualified surety, as was done in this case. (*Cook v. Caraway,* 29 Kan. 41.)

The motion to dismiss was based on the further ground the notice of appeal was not filed in time. The statute reads as follows:

"All appeals from justice of the peace and city and county courts in civil cases shall be by notice of appeal specifying the order, ruling, decision or judgment complained of, and shall be filed in the court from which the appeal is taken within ten days from the date of such order, ruling, decision or judgment." (R. S. 1933 Supp. 61-1001.)

The city court of Kansas City has a clerk whose duty it is to perform the ordinary functions of a clerk of a court. The judgment against plaintiff was rendered in the city court on July 14. On July 18 plaintiff presented a notice of appeal to the judge of the court, which the judge marked "filed," and which the judge said he would hand to the clerk. The notice was not delivered to the clerk until September 1. The clerk made the following notation with respect to filing:

"September 1, 1931, received from Judge Clark E. Tucker, notice of appeal and appeal bond approved by him on the 18th day of July, 1931, and filed as of the 18th day of July, 1931, at his request."

The result is, the notice of appeal was not filed until September 1, and the motion to dismiss was properly sustained.

The purpose of the statute of 1931 was to provide an easy, simple and certain method of taking an appeal. It devolves on the de-

feated party to file the notice. On the 11th day after the judgment the successful party may examine the files in the case. If a notice of appeal has been filed not later than the preceding day, he knows that step in appellate procedure has been taken, and may govern himself accordingly. The judge is a judicial, not a filing officer, and the successful party is not obliged to interrogate the judge to see if he may have some papers somewhere pertaining to an appeal. The successful party gets his notice from the court files, and not from any extrinsic source, and if there is no notice on file, he may go his way knowing there is no appeal.

In the opinion in the case of *Brockman v. Bayman*, 135 Kan. 238, 10 P. 2d 31, it was said:

"It was competent for the legislature to prescribe the conditions upon which an appeal may be taken, and it has made the notice a primary and essential requirement. It is a simple and easy method of obtaining a trial *de novo* in the district court. All that is required is to file the notice in the court that rendered the judgment within the time limited. It is not even required that the notice shall be served upon the adverse party, . . ." (p. 241.)

Defendant tenders an argument to the effect that service of notice is necessary in addition to filing. The court is of the opinion the statute of 1931, quoted above, contains and was designed to contain the full legislative requirement relating to notice, and the opinion in the Brockman case is adhered to.

The judgment of the district court is affirmed.