No. 38,016

BUXTON & BECK, *Appellants*, v. BOARD OF COUNTY COMMISSIONERS
of FORD COUNTY, KANSAS, *Appellee.*

(223 P. 2d 784)

Opinion filed November 10, 1950.

*George R. Gould,* of Dodge City, was on the brief for the appellants.
*J. J. Mangan,* of Dodge City, was on the brief for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order of the district court
sustaining a motion to dismiss an appeal from a decision of the
board of county commissioners of Ford county rejecting a claim
filed against such county.

The facts are not in controversy and can be briefly stated. On
October 1, 1949, the plaintiffs filed a claim against Ford county
for $366.55 which was disallowed by the defendant, board of county
commissioners. October 7, 1949, they appealed from the decision
of the board to the district court of Ford county by filing a notice
of appeal and appeal bond with the county clerk of Ford county,
ex officio clerk of such board. Thereupon the last named official
approved the bond and certified the appeal to the district court of
Ford county.

The bond so filed, approved and certified, reads as follows:

"WHEREAS, the above-named Buxton & Beck, by and through Jos. Buxton,
one of the partners of said claimant's firm, filed its claim against the Board of
County Commissioners of Ford county, Kansas, on the first day of October,
1949, with the clerk of said board;

"AND WHEREAS, the Board of County Commissioners rejected said claim on
the third day of October, 1949;

"And Whereas, said claimant has and does appeal from the decision of said Board of County Commissioners rejecting said claim to the District Court of Ford County, Kansas:

"Now Therefore, we the undersigned hereby firmly bind and obligate ourselves to the said Ford County to faithfully prosecute such appeal and to pay all costs which may be adjudged against the appellant.

"s/ Buxton & Beck
"By Geo. R. Gould, Agent."

Shortly after the appeal was filed with the clerk of the district court of Ford county the defendant filed a motion to dismiss it on the ground the appeal bond failed to comply with the statute and was wholly void. After a hearing the district court sustained this motion and dismissed the appeal. Its order and judgment reads:

"That the court has no jurisdiction of this matter in that the appeal bond in said matter is not such as is required by the law and is wholly void.

"Therefore, it is ordered that said appeal be dismissed and said appeal is hereby dismissed."

This appeal is from the foregoing order and judgment.

Before consideration is given to the merits of the cause reference should be made to provisions of the statute governing an appeal to the district court from the decision of a board of county commissioners in denying a claim which has been filed against the county. G. S. 1935, 19-223, provides for the taking of an appeal in such a case. It reads:

"Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant."

It is to be noted the involved bond was executed by the principal only. In other words it does not bear the signature of a surety. Appellee's position the trial court's action in dismissing the appeal on jurisdictional grounds should be upheld is based solely upon the premise the phrase "with sufficient security" as used in 19-223, *supra,* must be construed as requiring a surety on all such bonds and that the lack of surety on the instant bond renders such appeal wholly void. It makes no claim the bond is defective in any other particular. In fact it concedes that, except for that alleged defect, such instrument was executed in conformity with all requirements of the statute (19-223) and is regular in every respect.

So far as our research has been able to disclose the construction to be given the statute now in question is one of first impression. Apparently the parties have a like view. The only case cited by either of them, and that by appellee in support of its position, is *Wald v. Bukaty*, 139 Kan. 489, 32 P. 2d 456. That action involved the construction of the section of the statute governing appeals from justice court to district court (G. S. 1935, 61-1002), containing entirely different language and is not in point. Moreover, even if it were it would not be decisive here for, while it does hold a motion to dismiss an appeal from justice court to district court on grounds the appeal bond was signed by the attorney for the appellant and the notice of appeal was not served in time was properly sustained, an examination of the opinion reveals the court's decision was actually based upon failure of the appellant to serve his notice of appeal within time and the right of his attorney, in view of the provisions of G. S. 1935, 78-101, prohibiting that action, to sign the bond as a surety, not on the question whether the failure of any surety whatsoever would deprive the court of jurisdiction to hear the appeal.

A case much closer in point and far more persuasive from the standpoint of legal principles involved, although it too required a construction of another statute, G. S. 1901, Sec. 1041, now G. S. 1935, 14-815, is *Ottawa v. Johnson*, 73 Kan. 165, 84 Pac. 749. There the appellee pointed to language found in the involved statute requiring a bond "with good and sufficient security" and—as here—strenuously contended the words "sufficient security" as there used meant "surety" and required the court to so construe the term and hold the bond given in that case, not being signed by any surety at all, failed to comply with the statute and was therefore an absolute nullity and conferred no jurisdiction upon the district court. We rejected the appellee's contention and held:

"Where a defendant upon conviction in police court offers an appeal bond signed only by himself, and the police judge approves it and discharges him from custody, it is error for the district court to dismiss the appeal because the bond lacks the signature of a surety, although the statute provides that no appeal shall be allowed unless the appellant enters into a recognizance with good and sufficient security, to be approved by the police judge, for his appearance in the district court to answer the charge against him." (Syl.)

And at pages 166 and 167 of the opinion said:

". . . To this we cannot agree. It was held in *McClelland Bros. v. Allison*, 34 Kan. 155, 8 Pac. 239, that an appeal bond approved by a justice of

the peace in a civil case, signed only by the parties against whom the judgment had been rendered, was not entirely void, and might be amended, although the statute (Gen. Stat. 1901, § 5354) required that it should be signed by 'at least one good and sufficient surety.' . . .

It is said, and there appears to be no authority to the contrary, that 'although the statute provides that recognizances shall be executed by two sureties, a recognizance is not invalid because executed by one only.' (3 A. & E. Encycl. of L. 683. See, also, 2 Cyc. 922.) Upon the same principle it seems clear that a recognizance upon appeal entered into by a defendant without any surety whatever, although it fails to meet fully the requirements of the law, is not utterly void, but if approved and acted upon is effective to bind the signer and confer jurisdiction upon the appellate court."

Thus it appears *Ottawa v. Johnson*, supra, which we pause to note, is cited with approval and the rule therein announced adhered to in *Elliott v. Bellevue*, 82 Kan. 78, 107 Pac. 794, even though it interprets another statute and to that extent is not in point, does definitely establish this court's view as to the construction to be placed upon the phrase "sufficient security" when used in statutes similar to the one here involved and furnishes sound precedent for rejection of appellee's claim that such phrase as used in G. S. 1935, 19-223, must be construed as requiring a surety on an appeal bond given to perfect an appeal under its terms and that in the absence of such a surety, even though it has been approved by the official vested with that authority, such bond is an absolute nullity and confers no jurisdiction on the district court to entertain the appeal.

We are convinced, particularly when it is kept in mind that under our decisions and our statute (See *McClelland Bros. v. Allison*, 34 Kan. 155, 8 Pac. 239, and G. S. 1935, 60-760) appeals are to be favored and mere technical defects or omissions are to be disregarded, the rule announced in *Ottawa v. Johnson*, supra, is sound in principle and should be adhered to. Therefore we hold the provisions of G. S. 1935, 19-223, do not necessarily require a surety on a bond given to perfect a valid appeal to district court from a decision of the board of county commissioners in disallowing a claim filed against the county. We further hold that when such a bond, without a surety, is tendered to and approved by the clerk of the board, and is thereafter filed with the clerk of the district court, it confers jurisdiction upon the district court to hear and determine the appeal upon its merits. This conclusion we believe conforms with the intent of the legislature in enacting the involved statute. Otherwise, instead of using the qualified phrase to which we have heretofore referred it would have required in express terms, as it has often done under

similar circumstances, that bonds of the kind here involved be executed with one or more good and sufficient sureties. Of a certainty it is in harmony with the general established rule (See 11 C. J. S., Bonds, 401 § 9b, also 9 C. J. 10 § 7), to which we find no exception, that unless sureties are required by the statute authorizing its execution, the fact a bond is without a surety is immaterial so long— as is the case here—the involved instrument comes under the legal definition of a bond.

The record, as we have heretofore indicated, presents no question regarding the right of the appellee, once the bond herein involved had been given, approved by its clerk and filed in district court, to challenge the sufficiency of its security or the power of the district court to require additional security in the event of a finding that challenge had merit. Therefore, since they are not here, questions argued by the appellee regarding the power of the court over questions of that character have neither been considered nor decided.

The judgment is reversed with directions to set aside the order dismissing the appeal and deny the motion to dismiss.